# In the United States Court of Federal Claims

|  |  |
|---|---|
| HEATHER D. GRADY,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant.* | No. 23-1386C<br>(Filed: August 24, 2023) |

*Heather D. Grady,* Searcy, AR, *pro se.*

**ORDER**

  On August 21, 2023, Plaintiff, Heather D. Grady, filed a Complaint and a Motion for Leave to Proceed In Forma Pauperis.  Compl. at 1, ECF No. 1; Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2.  The Complaint broadly alleges issues with Social Security benefits and civil rights violations.  Previously, Ms. Grady filed a complaint alleging similar claims.  *See Grady v. United States*, No. 23-001148-CNL (filed July 24, 2023).  On August 18, 2023, this Court dismissed that prior action for lack of subject-matter jurisdiction.  *Id.*  The instant Complaint again fails to establish jurisdiction.

  Although courts interpret *pro se* filings leniently, plaintiffs have the "burden of establishing jurisdiction by a preponderance of the evidence."  *Curry v. United States*, 787 Fed. App'x 720, 722 (Fed. Cir. 2019).  The Court of Federal Claims has jurisdiction to hear claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for . . . damages in cases not sounding in tort."  28 U.S.C § 1491(a)(1) (the "Tucker Act").  "[T]he Tucker Act does not create any substantive right enforceable against the United States for Money damages, but merely confers jurisdiction when such right is conferred elsewhere."  *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007).  Therefore, plaintiffs must identify a qualifying source that mandates payment by the United States.  *Id.*

  Once again, the Court reviews Ms. Grady's claims in the light most favorable to her.  *See Grady*, No. 23-001148-CNL; *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).  With that in mind, Ms. Grady appears to assert claims for social security disability benefits, civil rights violations, and an American with Disabilities Act claim.  *See* Compl. at 2–3.  The Court of Federal Claims lacks jurisdiction to hear any of these claims because they are not based in qualifying money-mandating sources.  *See Arunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012) ("[T]he statute makes clear that the Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court."); *Marcus*, 909 F.2d at 1471 ("Construing appellant's pleading in a light most favorable to him, that

is, as a claim for social security disability benefits, we hold that the [Court of Federal Claims] has no jurisdiction under the Tucker Act."); *Boddie v. United States*, 86 F.3d 1178, 1996 WL 252832, at *1 (Fed. Cir. May 14, 1996) ("Neither the Americans with Disabilities Act nor the Civil Rights Act so mandates compensation" as required under the Tucker Act.); *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) ("The [Americans with Disabilities Act] is not a statute mandating payment by the United States.").

The Court of Federal Claims lacks jurisdiction to adjudicate these claims. Accordingly, it must dismiss this case for lack of subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022).

For the reasons set forth above, this case is **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Plaintiff's claims are outside the jurisdiction of this Court and incurable. For good cause shown, Plaintiff's Motion for Leave to Proceed In Forma Pauperis is **GRANTED**. The Clerk of the Court shall **REJECT** all future filings in this case.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                                   s/ Carolyn N. Lerner
                                                                   CAROLYN N. LERNER
                                                                   Judge